UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  **NOT FOR PUBLICATION**

FABIAN PARISH,

       Plaintiff,      **MEMORANDUM AND ORDER**

  -against-         16-CV-6256 (LDH) (LB)

CITY OF NEW YORK; ADA PRESLEY, in
Her Official Capacity; CAPT. STRECALKOV,
Shield # 1237, In His Official Capacity; CO
LOZADA, Shield # 14078, In His Official
Capacity,

       Defendants.
------------------------------------------------------------X
LASHANN DEARCY HALL, United States District Judge:

  Plaintiff Fabian Parish, who is incarcerated at Rikers Island, filed this *pro se* action pursuant to 42 U.S.C. § 1983 on November 9, 2016. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The claims against the City of New York and Warden Ada Presley are dismissed *sua sponte*. The claims against the Captain Stecalkov and Correction Officer Lozada may proceed.

## BACKGROUND

  According to the Complaint, Plaintiff was assaulted by another inmate, Morgan Shuler, at approximately 9:20 a.m. on August 7, 2016. (Compl., Attachment to p. 3.) Plaintiff states that he was sitting on the edge of his bed when Shuler attacked him. (*Id.*) The incident allegedly took place within view of Defendant Correction Officer Lozada and Correction Officer Richardson, as well as several other inmates and a camera. (*Id.*) Plaintiff claims that one of the officers "screamed for Mr. Shuler to stop over and over again and threatened to [spray] him." (*Id.*) When Defendant Captain Stecalkov arrived, Officer Richardson allegedly told the Captain to move Plaintiff. (*Id.*) Plaintiff contends that his request for medical treatment was refused

"with false statement [sic] that no report would be issued against [him] . . . ." (*Id.* at 3.) On August 10, 2016, Plaintiff was served with a misbehavior report that was "made to look as if we were fighting, and that I was not attacked." (*Id.* at Attachment to p. 3.)

Plaintiff alleges that inmate Shuler "is seriously mentally ill, and has repeatedly assaulted other inmates, destroyed property of others for officers, and has been moved and returned, to be the Police Officers['] . . . eye[]s and ears." (*Id.* at 5.) Plaintiff states that he did not file a grievance with the correctional facility. (*Id.* at 4.) He states: "I was in fear of retaliation if I detailed this cover-up, so, I'm asking this Court to grant extraordinary circumstances, waiver." (*Id.*)

Plaintiff names the City of New York, Ada Presley (the Warden of the Robert N. Davoren Center at Rikers Island), Captain Strecalkov, and Correction Officer Lozada as defendants. He seeks $3 million in damages for violations of his constitutional rights.

## STANDARD OF REVIEW

Title 28 of the United States Code, Section 1915A, requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Plaintiff's claims for violations of his constitutional rights are cognizable under 42 U.S.C. § 1983, which provides procedures for redress for the deprivation of civil rights. In order to maintain a civil rights action under § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* A § 1983 plaintiff seeking to recover money damages must establish that the named defendant was personally involved in the wrongdoing or misconduct

complained of. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 1741 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (citation and internal quotation marks omitted)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

In this case, Plaintiff does not allege any unconstitutional policy or custom attributable to the City of New York or its agencies. Accordingly, his claims against the City of New York are dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Defendant Presley, the Warden of the Robert N. Davoren Complex at Rikers Island, is also not subject to suit under § 1983, because she is a supervisory official who was not alleged to have been directly involved in the deprivation of Plaintiff's rights. Accordingly, the Warden is also dismissed as a defendant pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's constitutional claims may proceed against the remaining defendants.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons set forth above, all of the claims against the City of New York and Warden Presley are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue against these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims shall proceed against Captain Strecalkov and Correction Officer Lozada. The Clerk of Court is respectfully requested to issue summonses to those defendants, and the United States Marshals Service is directed to serve the Complaint, this Order, and the summonses on the defendants. The Clerk's Office is requested to send a courtesy copy to the Corporation Counsel's Federal Litigation Division.

The Court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: January 9, 2017
      Brooklyn, New York